[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 409.]

THE STATE OF OHIO, APPELLEE, *v.* GOINES, APPELLANT.

[Cite as *State v. Goines*, 1996-Ohio-16.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when applicant fails to establish ineffective assistance of counsel on the record presented.*

(No. 95-1325—Submitted October 24, 1995—Decided January 31, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 95APA02-204.

————————

{¶ 1} Appellant, Larry D. Goines, was convicted by a jury of two counts of robbery, and sentenced accordingly. The court of appeals affirmed his convictions and sentence. *State v. Goines* (Sept. 23, 1993), Franklin App. No. 93AP-654, unreported.

{¶ 2} Appellant then filed with the court of appeals a motion for a delayed appeal or, in the alternative, motion for delayed reconsideration. The appeals court treated this as an application to reopen pursuant to App.R. 26(B), because, *inter alia*, the appellant had argued that his appellate counsel was ineffective. The court of appeals denied the application, finding that appellant had failed to establish ineffective assistance of counsel on the record presented. This appeal followed.

————————

*Larry D. Goines*, pro se.

*Stephen M. Miller*, for appellee.

————————

*Per Curiam.*

**{¶ 3}** We affirm the decision of the court of appeals for the following reasons. Like the court of appeals, we disregard appellant's propositions of law that are not related to the claim of ineffective assistance of appellate counsel.

**{¶ 4}** Appellant's fourth proposition of law asserts ineffective assistance of appellate counsel. The gist of the claim seems to be that appellate counsel was ineffective for not arguing that trial counsel was ineffective because he did not vigorously attack two eyewitnesses' identifications of appellant as the robber and attempt to establish appellant's brother as the robber. Like the court of appeals, we hold that appellant's record fails to establish that trial counsel was ineffective, and, therefore, appellant has failed to demonstrate that the genuine issue required by App.R. 26(B)(5) exists.

**{¶ 5}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____